

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 21, 1964

Honorable C. H. Cavness
State Auditor
Austin, Texas

Opinion No. C-285

Re: Whether the Texas Youth Council
is authorized, under the pro-
visions of Article 3202a and/or
Article 5143d, V.C.S., to fix
and make charges for support and
maintenance (excluding costs of
education) for wards of the Waco
State Home and the Corsicana
State Home, and to seek and ac-
cept collection of such charges,
and related questions.

Dear Mr. Cavness:

You have requested the opinion of this office as to
whether the Texas Youth Council is authorized, under the pro-
visions of Article 3202a and/or Article 5143d, Vernon's Civil
Statutes, to fix and make charges for support and maintenance
(excluding costs of education) for wards of the Waco State Home
and the Corsicana State Home, and to seek and accept collection
of such charges. You have also asked certain questions which are
dependent upon an affirmative answer to the basic question. These
questions will be answered as they arise in the body of the opin-
ion.

Article 5143d, Vernon's Civil Statutes, is the Article
which established the Texas Youth Council. This Article does not
specifically grant to the Youth Council authority to determine or
collect the costs referred to above. However, an examination of
the course of legislative enactments in this area has led us to
conclude that the Texas Youth Council has the power and duty to
determine the costs involved in supporting such children as may
be placed within the Council's custody at the Corsicana State
Home or the Waco State Home, and the duty of collecting such costs
(excluding cost of education) is placed upon the Council. We
come to this conclusion for the following reasons:

(1) The Waco State Home and the Corsicana State Home were
placed under the jurisdiction of the Texas Youth Council by Sec-
tion 8 of Article 5143d, Vernon's Civil Statutes. Section 8 pro-
vides:

"The Texas Youth Council shall succeed to
and be vested with all rights, powers, duties,

-1363-

facilities, personnel, records and appropriations
relating to the care, custody and control of
children, now held by (a) the State Youth De-
velopment Council, including the Gatesville State
School for Boys, the Gainesville State School
for Girls, and the Crockett State School for
Negro Girls; (b) the Board for Texas State Hos-
pitals and Special Schools in respect to the Cor-
sicana State Home and Texas Blind, Deaf and Or-
phan Home; and (c) the Department of Public Wel-
fare with respect to the Waco State Home."

It must be noted that the Corsicana State Home was trans-
ferred to the Texas Youth Council from the Board for Texas State
Hospitals and Special Schools; the Waco State Home was transfer-
red from the Department of Public Welfare.

(2)   The Board for Texas State Hospitals and Special Schools
had control of the Corsicana State Home by virtue of Article 3174b,
Vernon's Civil Statutes; the Department of Public Welfare had con-
trol of the Waco State Home by virtue of Article 3255b, Vernon's
Civil Statutes.  Neither of these Acts specifically granted power
to determine or collect costs from children committed to these
institutions.  But each of these Acts did transfer to the respect-
ive agency all of the rights, powers and duties that were in the
agency which had previous control of the institution.

(3)   We are thus led back to the agency which had initial
control of the Corsicana State Home and the Waco State Home.  This
agency was the State Board of Control.  Under Article 3202a, Ver-
non's Civil Statutes, the Board of Control was authorized to fix
the cost of supporting such children and charged with the respon-
sibility of collecting these costs to the degree possible.  This
power and duty is thus one of those that was picked up by the lan-
guage used in Section 8 of Article 5143d, and the effect is that
the Texas Youth Council is included within the directions express-
ed in Article 3202a.

Your next question has to do with the situation wherein
the Superintendents of the Waco State Home and the Corsicana
State Home as "representative payees" are to receive Social Se-
curity payments on behalf of children who are resident in their
respective Homes.  You ask whether these Superintendents have legal
authority to pay to the State a portion of the respective bene-
ficiary benefits as reimbursement for the children's current sup-
port and maintenance, while they are institutionalized as is con-
templated in the provisions of the Social Security Act.  In this
connection, we quote the pertinent provision of the Social Secur-
ity Act, 42 USCA § 405 (j):

"When it appears to the Secretary that
the interest of applicant entitled to a payment
would be served thereby, certification of pay-
ment may be made, regardless of the legal compe-
tency or incompetency of the individual entitled
thereto, either for direct payment to such appli-
cant, or for his use and benefit to a relative or
some other person."

With reference to this enactment, your letter of request
stated that a District Manager of the Social Security Administra-
tion informed your office that Title II of the Social Security
Act contemplated that a representative payee (individual or insti-
tution) ordinarily will use a portion of the beneficiary's bene-
fits as reimbursement or payment on his current support and main-
tenance, and that in case of an institutionalized beneficiary such
costs include reasonable expenses incurred by the institution for
the beneficiary's care and support. In view of this statement and
the terms of the quoted portion of the Social Security Act, it is
the opinion of this office that funds received by the Superintend-
ents in their capacity as representative payees may be legally
paid to the State to the extent that such payments are for the use
and benefit of the child who is the beneficiary of the funds.

You further ask " . . . whether any other benefits or al-
lotments which, under the terms of their sources, could be legally
used for the purpose would be subject to being applied on the
Homes' cost of support and maintenance for the ward entitled to
the benefit or allotment." To state the question in such a way
is to provide the answer, particularly in view of our answer to
the basic question, i.e., that the Texas Youth Council is charged
with the power and responsibility of establishing and collecting
costs for support and maintenance.

Your fourth question is as follows:

"Under present statutory provision, would
the Superintendents of the State Schools for
Delinquents, if acting as 'representative payees'
as designated by the Social Security Administra-
tion, have legal authority to reimburse the State
with a portion of the respective beneficiaries'
benefits for their current support and maintenance
if such amount to be paid had been so directed by
the Juvenile Court under the provisions of Art.
2338-1, Sec. 13-a?"

The foregoing comments with regard to the Corsicana State
Home and the Waco State Home also hold true for the children

committed to the State schools for delinquents, and any amounts that a juvenile court may direct to be paid by persons legally responsible for the child are applicable to the child's current support and maintenance.

## SUMMARY

Under Articles 5143d and 3202a, V.C.S., the Texas Youth Council is authorized to establish charges for support and maintenance (excluding cost of education) for wards of the Waco and Corsicana State Homes, and to seek and accept collection of such charges.

The Superintendents of the respective Homes, acting as representative payees to receive Social Security payments on behalf of children resident in their respective Homes, are legally authorized to pay to the State a portion of the respective beneficiary payments as reimbursement for the children's current support and maintenance under the provisions of the Social Security Act, 42 USCA § 405 (j).

The Texas Youth Council has the same authority with respect to children committed to the State schools for delinquents, and any amounts that a juvenile court may direct to be paid by persons responsible for the child are applicable to the child's current support and maintenance.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Larry Merriman
W. O. Shultz
V. F. Taylor
Robert Richards

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone